FILED
2009 Aug-17 AM 11:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLY CULVER, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 08-AR-0031-S |
| } | |
| BIRMINGHAM BOARD OF } | |
| EDUCATION, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This court ordered plaintiff, Billy Culver ("Culver"), either to abandon his claim of age discrimination brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), or his claim of race discrimination brought pursuant to Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII").  Culver had alleged alternative or intersectional motives for the adverse employment action complained of.  Plaintiff is admittedly over the age of 40, thus a member of a group protected by the ADEA, and is admittedly white, thus a member of a group protected by Title VII.  He claims that his employer, defendant, Birmingham Board of Education, either discriminated against him because of his age or because of his race, or for both reasons.

On June 18, 2009, before the deadline for the filing of dispositive motions in this case, the Supreme Court of the United States decided *Gross v. FBL Financial Services, Inc.*, ___ U.S. ___,

129 S.Ct. 2343 (2009).  *Gross* holds for the first time that a plaintiff who invokes the ADEA has the burden of proving that the fact he is over 40 years old was the **only** or the **"but for"** reason for the alleged adverse employment action.  The only logical inference to be drawn from *Gross* is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was **any** other proscribed motive involved.  For this reason, the court required Culver to choose between his ADEA alternative, which would require him to prove age as the only reason for the adverse employment action, and his Title VII claim.  On August 14, 2009, plaintiff made his choice, abandoning his claim of age discrimination, while purporting to preserve his objection to this court's order requiring an election.

    Because this case presents an important question that, to this court's knowledge, has not been addressed by any court, the court will by separate order enter final judgment against plaintiff and in favor of defendants as to Culver's ADEA claim and will include the requisite finding pursuant to Rule 54(b), F.R.Civ.P., to allow an immediate appeal.  If a notice of appeal is timely filed, the scheduling order will be appropriately amended.

    DONE this 17th day of August, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE